Filed 7/28/26  P. v. Montgomery CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RYAN VINCENT MONTGOMERY,<br><br>  Defendant and Appellant. | H053813<br>(Monterey County<br>  Super. Ct. No. 23CR001662) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Ryan Vincent Montgomery was arrested during a traffic stop after he displayed road rage and threatened other drivers with a firearm.[1]  An unregistered pistol was located in the car during the arrest, and illegally possessed firearms were also found at defendant's residence.  While on bail, defendant attempted to regain custody of the firearms, and a gun violence restraining order was issued against him.  Defendant then entered the Monterey County District Attorney's Office and threatened to shoot any law enforcement officer who came to his house.

---

[1]  We grant defendant's request for judicial notice of the record filed in defendant's previous appeal of an order denying mental health diversion (case No. H051993).

After the trial court denied defendant's request for mental health diversion, he pled no contest to possession of an assault weapon, carrying a loaded firearm in a vehicle while on a public street, and resisting an executive officer (Pen. Code, §§ 69, 25850, subd. (a), 30605, subd. (a)) in exchange for a grant of felony probation (which the court in its plea colloquy explained could include up to one year in jail). Defendant also signed an appeal waiver. The trial court stated it would reduce all three counts to misdemeanors if defendant successfully completed felony probation with no violations and complied with mental health terms.

The trial court suspended imposition of sentence and placed defendant on formal probation for two years. The court ordered defendant to serve 308 days in jail, deemed served with presentence custody credits of 154 actual days and 154 days of conduct credits. A different panel of this court affirmed the denial of defendant's request for mental health diversion. (*People v. Montgomery* (May 7, 2025, H051993) [nonpub. opn.].)

Defense counsel moved over a year later to correct defendant's presentence credits, and the trial court awarded defendant 469 days of credit (based on 235 days of actual custody and 234 days of conduct credits). Defense counsel then asked that defendant's probation be terminated early and his felonies reduced to misdemeanors. According to defendant's opening brief on appeal, defense counsel argued that the additional 161 days of presentence credit should be applied against defendant's probation term so that it could be terminated early. (*In re Strick* (1983) 148 Cal.App.3d 906, 910, fn. 1 (*Strick*).) Counsel also asked that the convictions be reduced to misdemeanors, noting that defendant had been diligent in his mental health treatment.

The trial court denied defendant's request. The court explained it did not believe *Strick* alone gave it authority to make the requested modification, but it also commended defendant for his probation compliance. It emphasized that the mental health assistance defendant had sought and received while on probation was helpful for him, and (with no

2

apparent disagreement from defense counsel) that the full two-year probationary period was important. The court reiterated it would favorably consider a motion to reduce the felony convictions to misdemeanors and dismiss the case under Penal Code section 1203.4 if defendant kept up the good work and successfully completed probation.

Defendant now challenges the denial of his request to terminate probation early and reduce his felonies to misdemeanors. Following a timely appeal of that order, appointed counsel filed an opening brief summarizing the case but raising no issues. We notified defendant that he could file a supplemental brief on his own behalf and that failure to do so would result in dismissal of the appeal as abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 (*Delgadillo*).) Defendant has filed a supplemental brief, in which he argues the custody credits exceeding one year should be applied toward his probation term; he also raises substantive and procedural issues concerning his conviction. (We note that according to a minute order defendant attached to his supplemental brief, the trial court has granted his request to reduce his convictions to misdemeanors and probation has terminated during the pendency of this appeal.)

Citing *Strick*, defendant asserts that the 161 days of additional custody credit should have been applied against his probation period. In *Strick*, the court determined the prospective application of new legislation applying work credits against prison sentences did not raise equal protection concerns. (*Strick*, *supra*, 148 Cal.App.3d at pp. 909, 913.) The court observed in a footnote that the issue was not moot on appeal despite appellant's release from prison, because any additional work credits that appellant should have been awarded could be applied against his supervision period. (*Id.* at p. 910, fn. 1.) *Strick* does not require the application of additional credits against the duration of probation.

Defendant also asks us to vacate his conviction for carrying a loaded firearm in a vehicle while on a public street and to find the associated 10-year firearm ban unconstitutional based on the Ninth Circuit's recent opinion striking down California's open carry ban. (See *Baird v. Bonta* (9th Cir. 2026) 163 F.4th 723, rehg. en banc granted,

172 F.4th 1105.) He further argues two temporary gun violence restraining orders were issued without a hearing within 21 days, violating his due process rights as a gun owner and depriving the trial court of jurisdiction to issue a permanent order. Finally, he states he did not waive his right to a preliminary hearing within 60 days of arraignment.

We do not have jurisdiction to consider defendant's arguments concerning his original conviction in this appeal of a postconviction order. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143.) As defendant raises no arguable appellate issue relating to that order, we will affirm the denial of his request to apply custody credits to shorten his (since expired) probation term. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)

## DISPOSITION

The October 14, 2025 order is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H053813
*The People v. Montgomery*